UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DWAYNE DOOLIN,

        Plaintiff,

   v.                                    CAUSE NO. 3:19-CV-1006-DRL-MGG

STATHAM, *et al.*,

        Defendants.

OPINION & ORDER

    Dwayne Doolin, a prisoner without a lawyer, alleges that, while confined at the Indiana State Prison on a parole hold, Sgt. Statham used excessive force against him by spraying him with O.C. spray when he was handcuffed, and Lt. Neil subjected him to cruel and unusual punishment by providing him with a towel that had been sprayed with O.C. spray, denying him dry clothes, and denying him a second decontamination shower. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

    On August 1, 2019, Mr. Doolin was escorted in handcuffs (cuffed behind his back) to a cell that had not been cleaned before his arrival. Mr. Doolin indicated that he would remain in handcuffs until the officers got the sergeant. While waiting, Mr. Doolin managed to get the handcuffs under his feet so that his hands were cuffed in the front. Sgt. Statham approached and called Mr. Doolin's name. When Mr. Doolin turned, he says Sgt. Statham immediately sprayed him with O.C. spray. Sgt. Statham

then placed the handcuffs behind Mr. Doolin's back again and escorted him to the medical department for a decontamination shower.

Mr. Doolin has sued Sgt. Statham for excessive force. At the time of the incident, Mr. Doolin was incarcerated on a parole hold.[1] The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Here, while the evidence may ultimately demonstrate that the use of force was justified, giving Mr. Doolin the inferences to which he is entitled at this stage of the case, he has stated a claim against Sgt. Statham.

Once in the medical department, Lt. Neil forced Mr. Doolin to decontaminate in a scalding hot shower, which intensified his pain. When Lt. Neil decided that Mr. Doolin had decontaminated sufficiently, he handed Mr. Doolin a towel to dry off with. Mr. Doolin contends that Lt. Neil sprayed that towel with O.C. spray before giving it to him. Mr. Doolin remained in a medical holding cell in wet clothes for four hours, begging for another shower and dry clothes, which were denied. These allegations, if true, demonstrate deliberate indifference to the inmate's health or safety, and Mr. Doolin will be permitted to proceed against Lt. Neil.

Eventually, Mr. Doolin was returned to his cell, but his cell had not been decontaminated and was still covered in O.C. spray. He still was not allowed to shower. It was very hot, and the heat intensified his pain. To avoid these circumstances, Mr. Doolin placed himself on suicide watch and

---

[1] Mr. Doolin was a parolee, but it appears he also had criminal charges pending against him. To the extent his claim is governed by the Fourteenth Amendment rather than the Eighth Amendment, it does not alter the outcome of this case. *See Smith v. Sangamon Cty. Sheriff's Dept.*, 715 F.3d 188, 191 (7th Cir. 2013) (treating the plaintiff as a pretrial detainee despite his parole hold).

was taken to the medical department, where air conditioning allowed him some degree of comfort. He was not permitted to shower for approximately twenty-four hours. Mr. Doolin, however, has not indicated that either Sgt. Statham or Lt. Neil had anything to do with his treatment or the conditions that existed after he was returned to his cell.

Last, Mr. Doolin asks to be transferred to another prison. "Prison officials have broad administrative and discretionary authority over the institutions they manage." *Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted). Prison officials must afford inmates their constitutional rights, but where to house an inmate is the type of decision that is squarely within the discretion of prison officials. Here, Mr. Doolin does not appear to have ongoing conflict with Sgt. Statham or Lt. Neil. The facts presented here do not warrant an intrusion upon that discretion.

For these reasons, the court:

(1) GRANTS Dwayne Doolin leave to proceed against Sgt. Statham in his individual capacity for nominal, compensatory, and punitive damages, for allegedly using O.C. spray on Mr. Doolin on August 1, 2019, in violation of the Eighth Amendment;

(2) GRANTS Dwayne Doolin leave to proceed against Lt. Neil in his individual capacity for nominal, compensatory, and punitive damages, for alleged cruel and unusual punishment by forcing Mr. Doolin to decontaminate in scalding hot water, spraying a towel with O.C. spray prior to giving it to Mr. Doolin after his decontamination shower, and refusing Mr. Doolin both dry clothes and another decontamination shower after providing him with a towel covered in O.C. spray on August 1, 2019, in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Sgt. Statham and Lt. Neil at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant if he does not waive service and it has such information; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Sgt. Statham and Lt. Neil respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

August 6, 2020                                              *s/ Damon R. Leichty*
                                                            Judge, United States District Court