UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DWAYNE DOOLIN,

        Plaintiff,

  v.                                     CAUSE NO. 3:19-CV-1006 DRL-MGG

STATHAM *et al.*,

        Defendants.

OPINION AND ORDER

Dwayne Doolin, a prisoner without a lawyer, is proceeding in this case on two claims. ECF 9. He is proceeding "against Sgt. Statham in his individual capacity for nominal, compensatory, and punitive damages, for allegedly using O.C. spray on Mr. Doolin on August 1, 2019, in violation of the Eighth Amendment[.]" *Id.* at 3. He is also proceeding "against Lt. Neil in his individual capacity for nominal, compensatory, and punitive damages, for alleged cruel and unusual punishment by forcing Mr. Doolin to decontaminate in scalding hot water, spraying a towel with O.C. spray prior to giving it to Mr. Doolin after his decontamination shower, and refusing Mr. Doolin both dry clothes and another decontamination shower after providing him with a towel covered in O.C. spray on August 1, 2019, in violation of the Eighth Amendment[.]" *Id.* The defendants moved for summary judgment, arguing that Mr. Doolin did not exhaust his administrative remedies before filing suit. ECF 16. Mr. Doolin filed a response, and the defendants filed a reply. ECF 20 and 21. The summary judgment motion is fully briefed and ripe for ruling.

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). Inmates are only required to exhaust administrative remedies that are available. *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears on paper but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered available. *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

In a declaration, Joshua Wallen, the grievance specialist at Indiana State Prison (ISP), attests that a grievance process is available to ISP inmates. ECF 17-1 at 2. This policy sets forth a four-step grievance process. *Id.* at 3. First, an inmate must attempt to informally resolve a complaint by contacting an appropriate staff member. *Id*. Second, if the inmate is unable to resolve the complaint informally, he may file a formal grievance within ten business days from the date of the incident giving rise to the complaint. *Id.* Third, if an inmate is dissatisfied with the grievance specialist's determination on a formal grievance, he may file an appeal with the warden or his designee. *Id.* Fourth, if an inmate is dissatisfied with the warden's determination, he may file an appeal with the department grievance manager. *Id.*

To successfully exhaust the grievance process, an offender must timely complete each step of the process. *Id.* at 4. If an offender receives no response or receipt within five business days of submitting a formal grievance, it is the offender's duty to follow up to ensure that the grievance form was received. *Id.* at 7. Specifically, the policy provides that:

> The Offender Grievance Specialist must either return an unacceptable form or provide a receipt for an accepted form. If an offender does not receive either a receipt or a rejected form from the Offender Grievance Specialist within five (5) business days of submitting it, the offender shall notify the Offender Grievance Specialist of that fact (retaining a copy of the notice) and the Offender Grievance Specialist shall investigate the matter and respond to the offender's notification within five (5) business days.

ECF 17-2 at 9.

According to the grievance records, Mr. Doolin attempted to submit a formal grievance regarding the alleged August 1, 2019 conduct. ECF 17-3 at 4. Mr. Doolin listed the date of submission as August 1, 2019, the same date as the purported incident. *Id.* The

3

grievance office did not receive this grievance until August 23, 2019. *Id.* at 3; ECF 17-1 at 7. Mr. Wallen attests that it is atypical for a grievance to be filed on the same day as the incident, and that he never received any notice from Mr. Doolin inquiring whether his grievance had been received. ECF 17-1 at 6-7. Because Mr. Wallen did not receive the grievance until August 23, 2019, he returned the grievance as unfiled on August 27, 2019 and provided Mr. Doolin with a "Return of Grievance" form, stating that "[d]ate grievance written is the same as the date of incident" and "[g]rievance submitted too late." ECF 17-3 at 3. Mr. Wallen attests that there are no other grievance-related records relating to Mr. Doolin's claims. ECF 17-1 at 7.

In his response, Mr. Doolin does not dispute any of Mr. Wallen's attestations or challenge the accuracy of the grievance records provided by the defendants. ECF 20. Instead, Mr. Doolin argues that the grievance process was effectively unavailable to him because the grievance office returned his grievance as unfiled, which prevented him from filing a grievance appeal. *Id.*

Here, following the alleged incident on August 1, 2019, Mr. Doolin had ten business days to submit a timely grievance. It is undisputed that (1) Mr. Doolin submitted a grievance that listed a submission date of August 1, 2019; (2) the grievance office did not receive the grievance until August 23, 2019; and (3) the grievance office returned the grievance as untimely on August 27, 2019. It is unclear when Mr. Doolin submitted his grievance, and he does not clarify this fact in his response. *See* ECF 20. Regardless, even assuming that Mr. Doolin submitted his grievance on August 1, 2019, it is undisputed that Mr. Doolin did not notify the grievance specialist of the fact that he did not receive a

4

"receipt" or "rejected form" within five business days of submitting his grievance. *See* ECF 17-1 at 7; ECF 17-2 at 9. Thus, the undisputed facts show that Mr. Doolin did not comply with the requirements of the grievance process. *See Pozo*, 286 F.3d at 1023. Mr. Doolin further argues that the "Return of Grievance" form that he received from the prison "itself was untimely" and "provided contradicting reasons as to why the grievance was returned," but any deficiencies in the Return of Grievance form don't excuse Mr. Doolin's failure to follow up with the grievance specialist after he filed his grievance. *See* ECF 20 at 1-2. Nor did he pursue any further appeal.

In sum, the undisputed evidence demonstrates that Mr. Doolin did not exhaust his available administrative remedies with respect to his claims. Therefore, the motion for summary judgment is granted. Because there are no remaining claims, this case is dismissed without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) ("We therefore hold that all dismissals under § 1997e(a) should be without prejudice.").

For these reasons, the court:

(1) GRANTS the motion for summary judgment (ECF 16);

(2) DISMISSES this case without prejudice; and

(3) DIRECTS the clerk to enter judgment and to close this case.

SO ORDERED.

June 10, 2021    *s/ Damon R. Leichty*
Judge, United States District Court